Donald P. Sullivan (State Bar No. 191080)
Atticus Lee (State Bar No. 298002)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394.9401
Email: Donald.Sullivan@jacksonlewis.com
Email: Atticus.Lee@jacksonlewis.com

Justin R. Barnes (*Pro Hac Vice*)
Kelli N. Church (*Pro Hac Vice*)
Ronald M. Fields (*Pro Hac Vice*)
JACKSON LEWIS P.C.
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Facsimile: (404) 525.1173
Email:   Justin.Barnes@jacksonlewis.com
Email:   Kelli.Church@jacksonlewis.com
Email:   Ronald.Fields@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUCAS,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOES 1–10,<br><br>    Defendants. | Case No. 3:20-cv-00141-JCS<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>FAC Filed:   June 15, 2020<br>Trial Date:   October 12, 2021 |

TO THE HONORABLE JOSEPH C. SPERO, CHIEF MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEY OF RECORD:

Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM" or "Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's First Amended Complaint, ("FAC"), (Doc. No. 31), as follows.

**INTRODUCTION**

1. IBM denies the allegations contained in Paragraph 1 of Plaintiff's FAC.

**PARTIES**

2. IBM admits the allegations contained in Paragraph 2 of Plaintiff's FAC.

3. IBM admits the allegations contained in Paragraph 3 of Plaintiff's FAC.

4. IBM denies the allegations contained in Paragraph 4 of Plaintiff's FAC.

5. IBM denies the allegations contained in Paragraph 5 of Plaintiff's FAC.

**JURISDICTION AND VENUE**

6. IBM admits the Court has subject matter jurisdiction over this action.

7. IBM admits venue is proper in this District.

**GENERAL FACTUAL ALLEGATIONS**

8. IBM admits the allegations contained in Paragraph 8 of Plaintiff's FAC.

9. IBM admits that Plaintiff was employed as a sales representative by IBM. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the remaining allegations in Paragraph 9 of Plaintiff's FAC.

10. IBM admits that Plaintiff sold cloud storage access subscriptions to corporate customers. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the remaining allegations in Paragraph 10 of Plaintiff's FAC.

11. IBM admits Plaintiff was paid a base salary plus commissions. IBM denies the remaining allegations contained in Paragraph 11 of Plaintiff's FAC.

12. IBM admits that Plaintiff's commission compensation was determined according to information set forth in Incentive Plan Letters (IPLs). IBM denies the remaining allegations in Paragraph 12 of Plaintiff's FAC.

13. IBM admits that IPLs generally run for the first or second half of each calendar year. IBM denies the remaining allegations in Paragraph 13 of Plaintiff's FAC.

14. IBM admits the allegations contained in Paragraph 14 of Plaintiff's FAC.

15. IBM admits that Plaintiff had a defined sales territory and sales group with regard to commission payment eligibility. IBM denies the remaining allegations in Paragraph 15 of

1  Plaintiff's FAC.

2      16.    IBM admits that the IPLs at issue in this lawsuit are from the second half of 2018 and the first half of 2019.  IBM denies the remaining allegations in Paragraph 16 of Plaintiff's FAC.

    17.    IBM denies the allegations contained in Paragraph 17 of Plaintiff's FAC.

    18.    IBM denies the allegations contained in Paragraph 18 of Plaintiff's FAC.

    19.    IBM denies the allegations contained in Paragraph 19 of Plaintiff's FAC.

    20.    IBM denies the allegations contained in Paragraph 20 of Plaintiff's FAC.

    21.    IBM denies the allegations contained in Paragraph 21 of Plaintiff's FAC.

    22.    IBM denies the allegations contained in Paragraph 22 of Plaintiff's FAC.

    23.    IBM denies the allegations contained in Paragraph 23 of Plaintiff's FAC.

    24.    IBM admits that its managers discussed Plaintiff's sales at weekly conference calls. IBM denies the remaining allegations in Paragraph 24 of Plaintiff's FAC.

    25.    IBM admits that its managers discussed Plaintiff's sales at weekly conference calls. IBM denies the remaining allegations in Paragraph 25 of Plaintiff's FAC.

    26.    IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations contained in Paragraph 26 of Plaintiff's FAC.

    27.    IBM denies the allegations contained in Paragraph 27 of Plaintiff's FAC.

    28.    IBM denies the allegations contained in Paragraph 28 of Plaintiff's FAC.

    29.    IBM denies the allegations contained in Paragraph 29 of Plaintiff's FAC.

    30.    IBM denies the allegations contained in Paragraph 30 of Plaintiff's FAC.

    31.    IBM admits that commission achievement on the sales identified in Exhibit A of Plaintiff's FAC is disputed in the monetary amount shown therein.  IBM denies the remaining allegations in Paragraph 31 of Plaintiff's FAC.

    32.    IBM denies the allegations contained in Paragraph 32 of Plaintiff's FAC.

    33.    IBM admits that Plaintiff disputes his commission achievement on eleven sales as set forth in Exhibit B of Plaintiff's FAC.  IBM denies the remaining allegations in Paragraph 33 of Plaintiff's FAC.

    34.    IBM denies the allegations contained in Paragraph 34 of Plaintiff's FAC.

35.   IBM denies the allegations contained in Paragraph 35 of Plaintiff's FAC.

36.   IBM admits that Plaintiff complained to IBM regarding his commission achievement.  IBM denies the remaining allegations in Paragraph 36 of Plaintiff's FAC.

37.   IBM admits that Plaintiff resigned on or around July 19, 2019.  IBM denies the remaining allegations in Paragraph 37 of Plaintiff's FAC.

38.   IBM admits that Plaintiff exchanged emails with an IBM commission analyst in July 2019 and that the commission analyst identified payment errors regarding Plaintiff's commission achievement on certain sales, which IBM corrected.  IBM denies the remaining allegations in Paragraph 38 of Plaintiff's FAC.

39.   IBM denies the allegations contained in Paragraph 39 of Plaintiff's FAC.

40.   IBM admits that it paid Plaintiff approximately $18,000 in commission payments in August 2019 related to sales in 2019.  IBM denies the remaining allegations in Paragraph 40 of Plaintiff's FAC.

41.   IBM admits that commission achievement on the sales identified in Exhibit A of Plaintiff's FAC is disputed in the monetary amount shown therein.  IBM denies the remaining allegations in Paragraph 41 of Plaintiff's FAC.

42.   IBM denies the allegations contained in Paragraph 42 of Plaintiff's FAC.

43.   IBM denies the allegations contained in Paragraph 43 of Plaintiff's FAC.

44.   IBM admits the allegations contained in Paragraph 44 of Plaintiff's FAC.

45.   IBM admits the allegations contained in Paragraph 45 of Plaintiff's FAC.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

46.   IBM reasserts and incorporates its answers to Paragraphs 1 through 45 of Plaintiff's FAC as though fully restated herein.

47.   IBM denies the allegations contained in Paragraph 47 of Plaintiff's FAC.

48.   IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit.  IBM denies the remaining allegations in Paragraph 48 of Plaintiff's FAC.

1  49. IBM denies the allegations contained in Paragraph 49 of Plaintiff's FAC.

2  50. IBM denies the allegations contained in Paragraph 50 of Plaintiff's FAC.

3  51. IBM denies the allegations contained in Paragraph 51 of Plaintiff's FAC.

4  52. IBM denies the allegations contained in Paragraph 52 of Plaintiff's FAC.

5  53. IBM denies the allegations contained in Paragraph 53 of Plaintiff's FAC.

**SECOND CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith & Fair Dealing)**

54. IBM reasserts and incorporates its answers to Paragraphs 1 through 53 of Plaintiff's FAC as though fully restated herein.

55. IBM admits the allegations in Paragraph 55 of Plaintiff's FAC.  IBM denies that Plaintiff is entitled to any relief or remedy in this action under the covenant of good faith and fair dealing.

56. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit.  IBM denies the remaining allegations in Paragraph 56 of Plaintiff's FAC.

57. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit.  IBM denies the remaining allegations in Paragraph 57 of Plaintiff's FAC.

58. IBM denies the allegations contained in Paragraph 58 of Plaintiff's FAC.

59. IBM denies the allegations contained in Paragraph 59 of Plaintiff's FAC.

60. IBM denies the allegations contained in Paragraph 60 of Plaintiff's FAC.

**THIRD CAUSE OF ACTION**

**(Intentional Misrepresentation)**

61. IBM reasserts and incorporates its answers to Paragraphs 1 through 60 of Plaintiff's FAC as though fully restated herein.

62. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit.  IBM denies the remaining allegations in Paragraph 62 of Plaintiff's FAC.

4   Case No. 3:18-cv-06783-WHA
DEFENDANT'S ANSWER AND DEFENSES

63. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 63 of Plaintiff's FAC.

64. IBM denies the allegations contained in Paragraph 64 of Plaintiff's FAC.

65. IBM denies the allegations contained in Paragraph 65 of Plaintiff's FAC.

66. IBM denies the allegations contained in Paragraph 66 of Plaintiff's FAC.

67. IBM denies the allegations contained in Paragraph 67 of Plaintiff's FAC.

68. IBM denies the allegations contained in Paragraph 68 of Plaintiff's FAC.

69. IBM denies the allegations contained in Paragraph 69 of Plaintiff's FAC.

70. IBM denies the allegations contained in Paragraph 70 of Plaintiff's FAC.

71. IBM denies the allegations contained in Paragraph 71 of Plaintiff's FAC.

72. IBM denies the allegations contained in Paragraph 72 of Plaintiff's FAC.

## FOURTH CAUSE OF ACTION

**(False Promise)**

73. IBM reasserts and incorporates its answers to Paragraphs 1 through 72 of Plaintiff's FAC as though fully restated herein.

74. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 74 of Plaintiff's FAC.

75. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 75 of Plaintiff's FAC.

76. IBM denies the allegations contained in Paragraph 76 of Plaintiff's FAC.

77. IBM denies the allegations contained in Paragraph 77 of Plaintiff's FAC.

78. IBM denies the allegations contained in Paragraph 78 of Plaintiff's FAC.

79. IBM denies the allegations contained in Paragraph 79 of Plaintiff's FAC.

80. IBM denies the allegations contained in Paragraph 80 of Plaintiff's FAC.

81. IBM denies the allegations contained in Paragraph 81 of Plaintiff's FAC.

1  82. IBM denies the allegations contained in Paragraph 82 of Plaintiff's FAC.

2  83. IBM denies the allegations contained in Paragraph 83 of Plaintiff's FAC.

3  84. IBM denies the allegations contained in Paragraph 84 of Plaintiff's FAC.

## FIFTH CAUSE OF ACTION

**(Negligent Misrepresentation)**

6  85. IBM reasserts and incorporates its answers to Paragraphs 1 through 84 of Plaintiff's FAC as though fully restated herein.

8  86. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 86 of Plaintiff's FAC.

11  87. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 87 of Plaintiff's FAC.

14  88. IBM denies the allegations contained in Paragraph 88 of Plaintiff's FAC.

15  89. IBM denies the allegations contained in Paragraph 89 of Plaintiff's FAC.

16  90. IBM denies the allegations contained in Paragraph 90 of Plaintiff's FAC.

17  91. IBM denies the allegations contained in Paragraph 91 of Plaintiff's FAC.

18  92. IBM denies the allegations contained in Paragraph 92 of Plaintiff's FAC.

19  93. IBM denies the allegations contained in Paragraph 93 of Plaintiff's FAC.

20  94. IBM denies the allegations contained in Paragraph 94 of Plaintiff's FAC.

21  95. IBM denies the allegations contained in Paragraph 95 of Plaintiff's FAC.

## SIXTH CAUSE OF ACTION

**(Quasi-Contract/Quantum Meruit)**

24  96. IBM reasserts and incorporates its answers to Paragraphs 1 through 95 of Plaintiff's FAC as though fully restated herein.

26  97. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 97 of Plaintiff's FAC.

98. IBM admits that it made representations regarding the earning and payment of Plaintiff's commissions in the IPLs applicable to this lawsuit. IBM denies the remaining allegations in Paragraph 98 of Plaintiff's FAC.

99. IBM admits that Plaintiff performed sales-related services for IBM. IBM denies the remaining allegations in Paragraph 99 of Plaintiff's FAC.

100. IBM denies the allegations contained in Paragraph 100 of Plaintiff's FAC.

101. IBM denies the allegations contained in Paragraph 101 of Plaintiff's FAC.

102. IBM denies the allegations contained in Paragraph 102 of Plaintiff's FAC.

103. IBM denies the allegations contained in Paragraph 103 of Plaintiff's FAC.

104. IBM denies the allegations contained in Paragraph 104 of Plaintiff's FAC.

## SEVENTH CAUSE OF ACTION

### (Waiting Time Penalties)

105. IBM reasserts and incorporates its answers to Paragraphs 1 through 104 of Plaintiff's FAC as though fully restated herein.

106. IBM states that California Labor Code § 202(a) speaks for itself. IBM denies the remaining allegations in Paragraph 106 of Plaintiff's FAC.

107. IBM states that California Labor Code § 203(a) speaks for itself. IBM denies the remaining allegations in Paragraph 107 of Plaintiff's FAC.

108. IBM admits the allegations in Paragraph 108 of Plaintiff's FAC. IBM denies that Plaintiff is entitled to any relief or remedy in this action as a result of his resignation notice.

109. Plaintiff's FAC does not contain a Paragraph 109. Thus, IBM need not respond.

110. IBM denies the allegations contained in Paragraph 110 of Plaintiff's FAC.

111. IBM denies the allegations contained in Paragraph 111 of Plaintiff's FAC.

## PRAYER

IBM denies that Plaintiff is entitled to any relief sought in his Prayer for Relief including Subparagraphs 1 through 9, or to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

IBM admits Plaintiff demands a trial by jury but denies Plaintiff is entitled to any remedy or relief in this action.

**GENERAL DENIAL**

IBM denies every allegation of the Complaint not expressly admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES**[1]

In addition to the foregoing admissions and denials, IBM asserts the following defenses. The factual bases for the following defenses are set forth in further detail in the foregoing responses to the allegations contained in the FAC, which are re-alleged and incorporated herein by reference.

**FIRST DEFENSE**

Plaintiff's FAC fails, in whole or in part, to state claims for which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because IBM has, at all times, acted reasonably and in good faith. IBM engaged in good faith efforts to comply with all federal and state laws and, therefore, cannot be held liable for punitive damages, liquidated damages, or costs of litigation, including attorney's fees.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and estoppel.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because IBM had and retained the sole and unlimited discretion to determine and adjust any commission payments made to Plaintiff.

**FIFTH DEFENSE**

Plaintiff's FAC fails to state any fact that would entitle Plaintiff to recovery of any punitive

---

[1] By pleading any matter as a defense, IBM does not concede that it bears the burden of proof with regard to such matter.

damages, compensatory damages, attorneys' fees, or costs from IBM.

**SIXTH DEFENSE**

Plaintiff's claims are barred pursuant to the United States Constitution and the California Constitution to the extent provisions of the California Labor Code impose double penalties and violate the due process rights of Defendant.

**SEVENTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because IBM notified Plaintiff clearly and in writing of its policies and practices concerning the calculation of commissions and when such commissions were earned, in compliance with California law.

**EIGHTH DEFENSE**

Plaintiff's claims fail because IBM paid Plaintiff all compensation owed to Plaintiff.

**NINTH DEFENSE**

Plaintiff's FAC as a whole, and each purported cause of action therein, are barred to the extent that it was not filed within applicable statutes of limitation.

**TENTH DEFENSE**

To the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred or must be reduced because IBM did not willfully, knowingly, and intentionally violate the requirements of the California Labor Code.

**ELEVENTH DEFENSE**

IBM alleges that the Complaint, and each alleged cause of action therein, is barred in whole or in part by Sections 2854, 2856, 2858, and 2859 of the California Labor Code, respectively, because Plaintiff failed to: (1) use ordinary care and diligence in the performance of his duties, (2) comply substantively with the reasonable directions of his employer, (3) exercise a reasonable

degree of skill in performing his duties, and (4) perform his job duties in a proper and skillful manner.

### **TWELFTH DEFENSE**

IBM reserves the right to add any defenses, affirmative defenses, or counter claims as appropriate under the applicable rules.

**WHEREFORE**, having fully answered the Complaint, IBM respectfully requests:

1. Plaintiff have and recover nothing of IBM by way of this action;

2. Judgment be entered in favor of IBM for all costs and attorneys' fees incurred in the defense of this action; and

3. IBM have and recover such other and further relief as this Court may deem just and proper.

Dated:  August 21, 2020                    JACKSON LEWIS P.C.

By:   /s/ *Justin R. Barnes*
   Donald Sullivan
   Justin Barnes (*Pro Hac Vice*)
   Attorneys for Defendant
   INTERNATIONAL BUSINESS
   MACHINES CORPORATION